IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JOSEPH ANTHONY REYNA,** § | |
| **Plaintiff,** § | |
| v. § | |
| § | A-25-CV-1676-ADA-ML |
| **JANE NELSON, IN HER OFFICIAL** § | |
| **CAPACITY AS TEXAS SECRETARY** § | |
| **OF STATE,** § | |
| **Defendant.** § | |

ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE:

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

I.  **REQUEST TO PROCEED *IN FORMA PAUPERIS***

The court has reviewed Plaintiff Joseph Anthony Reyna's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma*

*pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed without prejudice under 28 U.S.C. § 1915(e). According to the indigent status, the Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). However, service upon Defendant should be withheld pending the District Judge's review of the recommendations made in this Report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20-21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless

2

litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Reyna brings this action against Jane Nelson, in her official capacity as Texas Secretary of State, under the Americans with Disabilities Act and the Equal Protection Clause of the United States Constitution. Dkt. 1 (Compl.) at 2; 42 U.S.C. § 12101; U.S. Const. amend. XIV, § 1. Reyna seeks declaratory and injunctive relief upon the issue of "whether Texas may administer ballot-qualification mechanics in a way that conditions access on wealth and mobility without reasonable modifications under the ADA and Equal Protection." Compl. at 2. He further asserts that his claim against Nelson fits squarely within *Ex parte Young*, 209 U.S. 123 (1908). *Id.*

However, Reyna fails to establish standing to bring this suit. To bring a suit in federal court, a plaintiff must establish the elements of standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The elements of standing are: (1) injury-in-fact, (2) causation, and (3) redressability. *Id.* at 560-61. To establish the element of injury-in-fact, the injury must be "[1] concrete, particularized, and actual or imminent, [2] fairly traceable to the challenged action, and [3] redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010) (citation omitted).

Reyna alleges that Texas provides no indigent fee waiver for partisan primaries. Compl. at 5. He alleges that statewide candidates must either pay a significant filing fee or submit a petition with a certain number of signatures and that these hurdles amount to a "de facto paywall for indigent and disabled candidates." *Id.* However, nowhere does Reyna allege that he is initiating any kind of political campaign. He even states that "since statehood (1845) no Hispanic or Indigenous Texan has served as Governor . . . [but] Plaintiff offers this background as context, not as dispositive proof of intent." *Id.* at 4. Reyna explains his ancestry and the Texas Election Code,

3

but he fails to allege any facts that show he has been injured or faces imminent injury. Accordingly, the undersigned cannot find that he has alleged an injury-in-fact. *See Barber v. Bryant*, 860 F.3d 345, 357 (5th Cir. 217) ("An injury that is based on a speculative chain of possibilities does not confer Article III standing.") (citation modified). Therefore, the undersigned finds that Reyna does not have standing to seek this relief and recommends dismissing this case for failure to state a claim on which relief may be granted.

### III.     FRIVOLOUS LITIGANT SANCTIONS

Since June 2025, Reyna has filed 13 suits in this court. *See Reyna v. Tex. Dep't of State Health Servs.*, 1:25-cv-871-ADA; *Reyna v. Spotify Tech. S.A.*, 1:25-cv-1023-DAE; *Reyna v. DaVita Inc.*, 1:25-cv-1028-RP; *Reyna v. Tex. Med. Liab. Tr.*, 1:25-cv-1105-ADA; *Reyna v. Nelnet, Inc.*, 1:25-cv-1107-ADA-DH; *Reyna v. Tex. Dep't of Transp.*, 1:25-cv-01290-DAE-ML; *Reyna v. SSA*, 1:25-cv-1293-ADA; *Reyna v. Wells Fargo Bank, N.A.*, 1:25-cv-1356-RP-ML; *Reyna v. Block, Inc.*, 1:25-cv-1402-RP; *Reyna v. Capital One Fin. Corp.*, 1:25-cv-1498-ADA; *Reyna v. Twitch Interactive, Inc.*, 1:25-cv-1504-RP; *Reyna v. BREIT Steadfast MF Fairmarc TX LP*, 1:25-cv-1608-RP-DH; *Reyna v. Nelson*, 1:25-cv-1676-ADA-ML.

Three of Reyna's cases have been dismissed as frivolous. *DaVita*, 1:25-cv-1028-RP; *Tex. Med. Liab. Tr.*, 1:25-cv-1105-ADA; *SSA*, 1:25-cv-1293-ADA. Three more of Reyna's cases have been recommended to be dismissed as frivolous and warned Reyna that he could suffer sanctions for continuing to file frivolous suits in this court. *Spotify*, 1:25-cv-1023-DAE, *R&R adopted*, 1:25-cv-1023-DAE, Dkt. 32; *Nelnet*, 1:25-cv-1107-ADA-DH, Dkt. 6, *R&R adopted*, 1:25-cv-1107-ADA-DH, Dkt. 16; *Twitch*, 1:25-cv-1504-RP. Finally, on October 1, 2025, Judge Hightower recommended two cases be dismissed as frivolous and recommended the District Judge impose a pre-filing bar. *Block*, 1:25-cv-1402-RP, Dkt. 4; *Capital One*, 1:25-cv-1498-ADA.

The undersigned echoes his fellow Magistrate Judges and states Reyna's "wasting of increasingly scarce judicial resources must be brought to an end." *Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991). Accordingly, the undersigned **RECOMMENDS** that the District Judge impose a pre-filing bar on future litigation by Reyna.

### IV.   ORDER AND RECOMMENDATIONS

The undersigned hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2) and **RECOMMENDS** the District Judge **DISMISS WITHOUT PREJUDICE** Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Finally, the undersigned **RECOMMENDS** that the District Judge impose a pre-filing bar on future litigation by Reyna.

The referral of this case to the Magistrate Judge should now be **CANCELED**.

### V.   WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

    SIGNED October 27, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE